IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01210-ZLW-KMT

TERRENCE BELL

    Petitioner,

v.

BLAKE DAVIS, Warden or Acting Warden, et al.

    Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    Before the Court is Terrence Edward Bell's (hereinafter "Petitioner") "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("App.") [Doc. No. 6, filed July 2, 2007]. A "Response to Order to Show Cause" ("Rsp.") was filed by Blake Davis, Respondent, on October 29, 2007 [Doc. No. 23]. Petitioner filed a "Conditional Acceptance/Request for Proof of Claim" on January 31, 2008 [Doc. No. 26] to which the Respondent filed a Response ("Rsp.P.of C.") on March 5, 2008 [Doc. No. 27]. This matter was originally referred to Magistrate Judge Watanabe for recommendation; the case was transferred to Magistrate Judge Tafoya on January 9, 2008. [Doc. Nos. 13, 24]. For the reasons set forth herein the Court recommends the Application be DENIED.

*BACKGROUND*

Applicant was convicted in 1991 in District of Columbia Superior Court (F-14464-91) for threat to injure a person and simple assault and was sentenced to twelve years' imprisonment. (Rsp., Exhs. A, B). He was granted parole and released on conditions on June 5, 1995. His original sentence expiration date was February 2, 2004. (*Id*., Exh. D).

On June 4, 2003, the U.S. Parole Commission (hereinafter "Commission") revoked Applicant's parole for failing to report to his supervision officer as directed and for committing an armed robbery in Maryland. (*Id.*, Exh. E). As a result of this violation, credit for all of the time Applicant had spent on parole was forfeited and his future parole was conditioned upon service of an additional 80 months in custody. (*Id.*)

Applicant was next released on parole on March 5, 2004, with a new sentence expiration date of November 25, 2011. (*Id.*, Exh. F). Applicant signed a parole certificate, acknowledging his understanding of the new November 25, 2011 expiration date, and agreeing to the conditions of his release on parole a second time. (*Id.*)

On December 7, 2005, Applicant's community supervision officer[1] informed the Commission that Applicant had left the District of Columbia metropolitan area without prior approval and failing to submit to required drug testing, both violations of his conditions of parole. (*Id.*, Exh. G). Applicant was formally reprimanded by the Commission, including warnings that continued parole violations could lead to re-incarceration. (*Id.*, Exh. H).

---

[1] A community supervision officer for the District of Columbia is the equivalent of a probation/parole officer.

On January 3, 2006, Applicant's community supervision officer again notified the Commission of additional and continued parole violations. (*Id.*, Exh. I). On February 3, 2006, the Commission issued a parole violation warrant for Applicant's arrest, charging him with violating the conditions of his release by leaving his district of supervision without permission, failing to submit to drug testing, and failing to report a change in employment. (*Id.* Exh. J).

Applicant was arrested in Colorado on that parole violation warrant on April 2, 2007, some fourteen months after the warrant originally issued. (*Id.*) On July 2, 2007, Applicant filed the instant Application pursuant to 28 U.S.C. § 2241. After several attempts to clarify the Application and correct deficiencies, on September 19, 2007, the Court ordered a Response which was timely filed on October 29, 2007.

*CLAIMS*

Applicant makes five claims pursuant to his Section 2241 Application. First, he claims he is being unlawfully incarcerated on the basis of the Parole Commission warrant issued in the District of Columbia. (App. at 3). Although it is not entirely clear, the Applicant appears to be alleging that he was denied due process with respect to this parole revocation. The second claim argues that because unspecified Maryland criminal charges were dismissed, he could not be held on the District of Columbia parole violation matter. (*Id.*) Third, Applicant claims his "unlawful imprisonment with a State of Maryland warrant" violates 18 U.S.C. § 3182 (extradition), and Fed. R. Crim. Pro. 5 (Initial Appearance) and 32.1 (Revoking or Modifying Probation or Supervised Release). (*Id.*) Fourth, Applicant alleges that a State of Maryland arrest warrant had been issued against him as a result of "false testimony, perjury, inaccurate information, and other

3

fraudulent means." (*Id.*) Fifth, Applicant seeks compensation for his allegedly unlawful arrest and detention. As relief, Applicant requests the Court order his immediate release, the sealing or expungement of records relating to charges as to which he was not convicted, termination of his state probation and federal parole, and money damages. (*Id.* at 5, 8).

*LEGAL STANDARDS*

  *A. Pro Se Applicant*

Applicant is proceeding pro se. Therefore the court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, even as a pro se litigant, Applicant is required to comply with the fundamental requirements of the rules of procedure. *Wellington v. Mukasey*, 2008 WL 276047, *2 (10th Cir. 2008); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994). The Court will carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

  *B. Jurisdiction - Title 28 U.S.C. § 2241*

An application for habeas corpus relief may be filed when an applicant alleges he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). When an inmate challenges the length or duration of his confinement, 28 U.S.C. § 2241 is the proper jurisdictional basis. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (overruled on other grounds by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)); *McIntosh v. United States*

4

*Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). However, where a prisoner "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions," jurisdiction is not proper under 28 U.S.C. § 2241, and his remedy is under the civil rights laws. *McIntosh* at 812 (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)).

### C. Review of Parole Board Decisions

Decisions of the U.S. Parole Commission are only reviewable for arbitrary and capricious action or an abuse of discretion; they must be upheld if there is a rational basis in the record for the Commission's action. *See Peltier v. Booker*, 348 F.3d 888, 892-93 (10th Cir. 2003); *see also Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989). Judicial review of a Parole Board's decision is very narrow. *Dye v. United States Parole Comm'n.*, 558 F.2d 1376, 1378 (10th Cir. 1977); *Peltier* at 892.

*ANALYSIS*

### A. Exhaustion

As a threshold matter on habeas corpus review, courts generally address the issue of exhaustion of remedies. *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). A prisoner must exhaust all administrative remedies on his asserted habeas claims prior to seeking federal court relief. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (in a § 2241 action where petitioner challenged the computation of his release date, the court noted that "judicial intervention is usually deferred until administrative remedies have been exhausted"); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) ("[P]etitioner must exhaust the respective state

and administrative remedies before challenging his state or federal custody by habeas corpus.");
*Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir.2006) (same).

Applicant is a federal prisoner, currently serving his sentence on a parole revocation. Therefore, exhaustion of administrative remedies would be required unless it is waived by the Government. *United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989); *United States v. Wilson*, 503 U.S. 329, 335-36 (1992). Applicant claims he exhausted his administrative remedies because he has "given this and/or similar information to my counselor, case manager, unit manager, associate warden or warden of this facility." (App. at 3, 4, 7, 8). This broad assertion, even if true, is insufficient to establish exhaustion of his administrative remedies.

Exhaustion is not required where it would be futile. *Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000). As noted *infra*, the Applicant does not dispute that a parole revocation hearing was conducted and that he was available for the hearing but refused to attend. Subsequent to the hearing, Applicant's parole was revoked and he was given no credit toward satisfaction of his sentence for time on parole. The court finds that the issue of exhaustion is not fully developed in the parties' briefing and, therefore, the Court will address the Application on its merits.

> B. *Claim One - Violation of Due Process Regarding Parole Violation and Revocation*

Although the Application is not entirely clear, Applicant appears to argue he was not afforded constitutionally adequate due process during his parole violation proceedings in his District of Columbia case. During the entire revocation process, however, the Applicant refused

6

to participate in the various overtures made by the Commission in an attempt to resolve the parole violation allegations short of a full hearing.

Within days after Applicant's arrest in Colorado on the parole warrant, the U.S. Probation Office for the District of Colorado notified the Commission that it had attempted to conduct a preliminary interview with the Applicant to determine if there was probable cause to detain Applicant pending parole revocation proceedings. (Rsp., Exh. K). According to the probation office, Applicant refused to attend the interview and would not talk to the Probation Officer. (*Id.*) The Commission ultimately found probable cause to proceed under Title 28 C.F.R. § 2.101 and then prepared a preliminary assessment of Applicant's case in advance of a final parole revocation hearing. (*Id.*, Exh. L). The Commission then provided Applicant with an opportunity to resolve his case with an expedited parole revocation proposal whereby he could waive an in-person hearing and accept a parole revocation decision and new release date on the record. (*Id.*, Exh. M). Again, the Applicant refused to consider the expedited revocation proposal and refused to talk to the probation officer about the proposal. (*Id.*, Exh. N)$^2$.

As a result of Applicant's failure to accept the revocation proposal, a full revocation hearing was scheduled. Applicant was transported at prison expense to the location of the hearing on September 14, 2007, over one month ahead of the scheduled hearing date. (*Id.*, Exh. P). This would have given Applicant ample time to acclimate and prepare for the hearing. On

---

$^2$Apparently, the Applicant wished to reconsider his initial decision regarding the expedited procedure <u>after</u> he refused to participate in his revocation hearing and after the Commission had already revoked his parole. *See* "Conditional Acceptance/Request for Proof of Claim" on January 31, 2008 [Doc. No. 26].

7

October 10, 2007, as scheduled, the parole revocation hearing was held, but Applicant refused to attend. (*Id.*). On November 21, 2007, the Commission made a final parole revocation decision. (Rsp.P.of C., Exh. 4).³

Between the time the Applicant filed this Section 2241 Application and the Response date, the Applicant had refused the expedited procedure, been transported for his revocation hearing, and had refused to appear at or attend his revocation hearing. Both prior to the filing of this Application and subsequent thereto, the Applicant was offered due process on his parole revocation matter. This court finds it was the Applicant, through no fault of the Respondent, who did not, by his own choice, participate in the process offered to him.

To maintain a violation of Due Process claim, Applicant must prove (1) that a recognized liberty or property interest has been interfered with by the Respondent, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) (partially overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)). "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). However, one of the "minimum requirements of due process" that does apply is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not

---

³ The Findings of Fact by the Commission do not mention any criminal charges from the state of Maryland or any other new law violation.

allowing confrontation). . . ." *Id*. at 489. "[T]he process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id*.; *United States v. Robinson*, 2008 WL 1751677, *2 (10th Cir. 2008).

Additionally, Fed. R. Crim. P. 32.1(b)(2)(C), provides that at a revocation hearing the defendant must have "an <u>opportunity</u> to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." *Id.* (emphasis added). Applicant's complaints about the parole revocation hearing, such as he has made them, are disingenuous. The record shows that a probable cause review and a parole revocation hearing were held before Applicant's parole was revoked and that he had every opportunity to appear and be heard on both occasions. Applicant simply chose not to take advantage of that opportunity. *See Ford v. Jenks*, 2008 WL 123531, *2 (10th Cir. 2008); *cf. Theriault v. Quinlan,* 609 F. Supp. 733, 735 (S.D.N.Y.1985) (denying petition for habeas corpus when revocation hearing was delayed at prisoner's request).

Therefore, this court finds the Commission did not violate Applicant's due process rights by conducting the hearing after the Applicant refused to attend. *See Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir.1982) ("When, after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding."); *Ladigo v. Seifert*, 2002 WL 1788005, *1 (9th Cir. 2002) (same).

9

### C. *Claims Two through Four - Dismissal of Maryland Case*

Claims Two through Four of Applicant's Section 2241 Application concern the ramifications of charges and warrants arising out of a Maryland case. No party explains what this Maryland case is or what the disposition of that case was. However, no pending charge or case, whether in Maryland or elsewhere, affects the execution of Applicant's current parole revocation sentence, nor does any such case affect the fact or duration of his current confinement. *Overturf*, 385 F.3d at 1278.

While the Applicant was on parole the <u>first</u> time in 2003, his parole was revoked, in part, for committing a new law violation in Maryland.[4] The Maryland conviction which contributed to this first revocation of parole was for armed robbery, assault, theft, unlawful possession of a credit card, taking/stealing/carrying the belongings of another (credit card); and false imprisonment, all in Howard County, Maryland District Court. (Rsp., Exh. E).

As previously noted, Applicant was re-paroled into the community in 2004. (*Id*., Exh. F). Applicant acknowledged the new sentence expiration date and agreed to the conditions of his new parole term. It was violations of parole originally reported on December 7, <u>2005</u> (two and one-half years after his first violation involving the Maryland case) which resulted in the issuance of the warrant upon which Applicant was arrested and upon which he is now confined. The 2005 violations included that Applicant went outside parole limits fixed in the certificate of parole without permission on 11/1/2005. (*Id*., Exh. G). On January 3, 2006 a violation Addendum was

---

[4] June 4, <u>2003</u>.

filed detailing a few contacts with Applicant in early December and then noting that as of December 6, 2005, the Applicant completely discontinued drug testing and reporting to his supervisor as required, indicating the Applicant had absconded from parole. (*Id.*, Exh. I). A warrant was issued on these violations. Applicant's arrest on this warrant in Colorado over a year later had nothing whatsoever to do with the Maryland armed robbery charges and the parties have not directed the court's attention to any other charges arising in Maryland.[5] (*Id.*, Exh. J). Whether there were, at some point, new charges in Maryland which were dismissed is irrelevant to the parole violation upon which Applicant is now incarcerated.

Applications for habeas corpus relief are filed to rectify specific types of perceived wrongs, where an applicant alleges that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The Applicant, in Claims Two through Four, has not stated any claim for a constitutional violation in association with a case arising out of Maryland. To proceed on a section 2241 claim such as this, the Applicant must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Tigert v. Higgins*, 2008 WL 2747002, *2 (10th Cir. 2008). Applicant Bell has completely failed to present evidence showing a denial of a constitutional right associated with a

---

[5] Applicant alleges he was not promptly taken before a judicial officer with respect to these phantom charges. (App., § B, Nature of the Case). However, that allegation has nothing to do with the length or duration of his confinement on the D.C. parole violations and is, therefore, not properly before the court at this time.

11

warrant or case out of the District or State of Maryland which affects the fact, length or duration of his present confinement.

### D. *Claim Five - Damages*

Claim Five is not actually a claim but rather a recitation of damages owed to Applicant should he succeed on Claims One through Four. The court notes first that monetary compensation is not available to the Applicant for alleged illegal acts of government officials pursuant to Title 28, U.S.C. § 2241. *Rhodes v. McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Further, the court finds no merit in Applicant's Claims One through Four.

### *CONCLUSION*

In reviewing the merits of Applicant's claims, this court finds he is not entitled to relief pursuant to Title 28 U.S.C. § 2241. No evidentiary hearing is required. Accordingly, for the reasons stated above, the Court **RECOMMENDS** that the Application for a Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 [Doc. No. 6] be **DENIED** and that this case be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge